*Brandt v. Pallito*, 638-10-15 Wncv (Teachout, J., Oct. 27, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

**CIVIL DIVISION**
**Docket No. 638-10-15 Wncv**

**JEFFREY-MICHAEL BRANDT**
    **Plaintiff**

    **v.**

**ANDREW PALLITO, Commissioner, Vermont**
**Department of Corrections, and**
**DAVID TURNER, Facilities Executive**
    **Defendants**

### ENTRY
### Motion to Reconsider

Mr. Brandt seeks reconsideration of the court's September 1, 2017 summary judgment decision. He objects that the court erred in accepting that the State's compelling governmental interest in preventing sexual violence in its prisons is served by its policy of prohibiting the introduction into those facilities of explicit photographs of pierced genitalia and nipples. He argues that *Holt v. Hobbs*, 135 S.Ct. 853, 863 (2015), requires more of the State than what the summary judgment record included when the court decided this issue.

Mr. Brandt's motion is denied. In *Holt*, the trial court expressly knew that the policy at issue, as applied to the inmate, did not advance the asserted governmental interest. It nevertheless ruled in favor of the government out of pure deference. The Supreme Court ruled that "unquestioning deference" is impermissible under RLUIPA. "Prison officials are experts in running prisons and evaluating the likely effects of altering prison rules, and courts should respect that expertise. But that respect does not justify the abdication of the responsibility, conferred by Congress, to apply RLUIPA's rigorous standard." *Holt*, 135 S.Ct. at 864.

Unlike in *Holt*, summary judgment here did not depend on unquestioning deference. The record included an affidavit asserting the governmental interest and need to further it by restricting materials of a graphic sexual nature. That is not "hard to swallow." *Id*. It is reasonable on its face and supported by the record.

Mr. Brandt also argues that the policy cannot further the asserted governmental interest because the policy permits some depictions of nudity. The policy, he argues, must prohibit all depictions of nudity of any kind or it per se cannot serve the asserted governmental interest. He provides no reasoning or legal support for this assertion and the court does not find it persuasive.

Mr. Brandt's motion to reconsider is denied.

Dated at Montpelier, Vermont this _____ day of October 2017.

_____
Mary Miles Teachout,
Superior Judge